STATE OF MAINE
PENOBSCOT, ss

SUPERIOR COURT
DOCKET NO. RE-10-76

*KMC - PEN - 927 2011*

MICHAEL J. ROBINSON
Personal Representative of
The Estate of Freeman A. Robinson
    Plaintiff

V.

AKSEL E. JENSEN
    Defendant

DECISION AND ORDER

This matter was before the Court for a jury waived trial which was held on September 26, 2011. Plaintiff was represented by attorney Michael Haen, Esq. and defendant represented himself.

The matter was before the Court on a complaint filed on April 27, 2010, and later amended on May 6, 2010.

The complaint sought foreclosure of a mortgage for failure to comply with the conditions of the mortgage and to pay on the note executed in connection with the mortgage. In his answer, defendant admitted that on January 31, 1979, defendant executed a note and mortgage in favor of K. C. Inc. in connection with the purchase of property in Kingman Plantation, Maine, the mortgage to which secured the note. It was further admitted that the note and mortgage were assigned to Freeman A. Robinson on October 5, 1981. The evidence indicated and the Court finds that Freeman Robinson died on September 28, 1982 and that Michael Robinson was appointed Personal Representative of his father's estate shortly after his father died and that Michael Robinson continues to serve in that capacity.

Defendant admits in his answer that he failed to make all of the agreed payments on the note in question and that he likewise stopped paying taxes on the mortgaged property.

1

The note in question provided for the final payment to be made by January 10, 1989. The note required that monthly payments be made in the amount of $171.81 with 10% interest per year.

The evidence demonstrated that Mr. Freeman Robinson advised Mr. Jensen that he was the assignee of the note and mortgage and that payments should be made to him at a particular address. Mr. Jensen did make monthly payments to Mr. Robinson on the note and from his testimony, beginning in late 1983 the envelopes he sent with monthly payments were returned by the Post Office and he retained those envelopes that he identified on the record as reflecting payments made monthly in 1983 and into early 1985, when he stopped making payments. At no time prior to the commencement of this lawsuit was Mr. Jensen made aware that Freeman Robinson has passed away. Although he had agreed, at Freeman Robinson's direction and the terms of the mortgage, to pay real estate taxes to the State of Maine he stopped paying real estate taxes in roughly 1985 in the hope that Mr. Robinson would get in touch with him. That did not happen.

Attorney Wakine Tanous, Esq., represented the Freeman Robinson Estate. Attorney Tanous arranged for the appointment of Personal Representatives, now being Michael Robinson, but did not actively manage the estate until he was asked to do so by Michael Robinson in the mid 1980's when Michael Robinson received a tax bill from the State of Maine. He asked Mr. Tanous to pay these taxes from the Estate and the Estate paid the real estate taxes yearly thereafter through 2010.

## Discussion

There is no question but that Mr. Jensen had breached the terms of the note and mortgage in question by failing to make payments on the Note as agreed. Likewise there is no question that the standard mortgage conditions under the short form deed act (33 M.R.S. § 769) requires the mortgagor to pay taxes, and Mr. Jensen elected not to do that and thereby violated that condition of the Mortgage.

There is a question as to the significance of Mr. Jensen's not determining where his payments should be sent and what impact, if any, is attributable to the failure of the mortgagee and the assignee, now the Estate, having

2

failed to notify Mr. Jensen where and to whom to make payments on the note?

Although there is no case law the Court could find to answer the above questions, a review of the Short Form Deed Act and the Statutory Conditions in the mortgage, which are by reference in this mortgage, demonstrate that the burden is on the mortgagor, here Mr. Jensen, to make payment as required by the note and mortgage (33 M.R.S. § 769). That means that the burden was and is on Mr. Jensen to pay the money owed to the mortgagee (herein Mr. Freeman Robinson or his Personal Representative) "his heirs, executors, administrators, or assigns" (33 M.R.S. § 769). Accordingly the Court concludes, by interpreting the statute, that the burden is on the debtor, Mr. Jensen to communicate with the creditor, here Mr. Robinson or his estate, in terms of payment and determining where that payment should be sent. The cost or damage incurred by having failed to communicate is to born by the debtor/mortgagor.

By failing to pay on the note and mortgage as he agreed, he has violated the terms of both. Plaintiff is entitled to a judgment of foreclosure.

### Limitation Period

At the Trial Management Conference the issue of the application of 14 M.R.S. § 6104 was raised. That section is captioned "Limitation of action on undischarged mortgage."

This Court interprets that Act to require (1) an undischarged mortgage. It is undisputed that there was such a mortgage on the Kingman Plantation property in this case.

Further the Act requires (2) proof of uninterrupted possession for 20 years after the expiration of the time limited in the mortgage for full performance (i.e. here 20 years after 1989). Given that the testimony described the property in question as a tree lot without any buildings, the Court is not persuaded that Mr. Jensen's "ownership" during this period, without more, constituted possession as that term is used in the statute. In evaluating what constitutes possession, the Court looks for guidance to the law found in the area of adverse possession. *Dombkowski v Ferland*, 2006 ME 24, ¶28, 893 A.2d 599, 606.

3

The Act then gives the right to a person holding an interest in the property (here either plaintiff or defendant) (3) to apply to the Superior Court where the property is located, and asking for a decree. In this instance, that would be a decree terminating the mortgage interest. Neither of the parties applied to the Superior Court for a remedy pursuant to this statute. The limitation referred to in this statute is not self-executing. It requires that one qualifies (steps 1 and 2) and take action (step 3). On the facts in this case, 14 M.R.S. §6104 does not apply for the reasons stated.

The Court grants the request for foreclosure of the mortgage based on the underlying debt. Concurrent with the issuance of this Decision and Order, the Court is executing an Order and Judgment of Foreclosure that is incorporated herein and made a part hereof.

At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a) M.R.Civ.P.

September 29, 2011

Kevin M. Cuddy
Justice, Superior Court

4

STATE OF MAINE                         SUPERIOR COURT
PENOBSCOT, ss.                         Docket No. RE-2010-76


MICHAEL J. ROBINSON /           )
Estate of Freeman A. Robinson,)
                                )
          Plaintiff             )         **ORDER AND JUDGMENT**
                                )          **OF FORECLOSURE**
     vs.                        )      ("judgment of foreclosure
                                )            and sale")
AKSEL E. JENSEN and             )
UNITED STATES OF AMERICA,       )
                                )
          Defendants            )


     This matter came before the Court for trial on
September 26, 2011.  The plaintiff, Michael J. Robinson,
appeared, as did defendant Aksel E. Jensen. Defendant
United States of America gave the Court notice that it
would not appear and was asserting no claim.

     In this action the Plaintiff seeks a judgment of
foreclosure [14 M.R.S.A. § 6321 et seq.] of a mortgage lien
granted by Defendant Aksel E. Jensen ("Defendant
Mortgagor").  The mortgage lien was granted to the
predecessor in interest to Freeman A. Robinson by a deed
dated January 31, 1979 and recorded in the Penobscot
Registry of Deeds in Vol. 3230, Page 2 ("the Mortgage").
The Mortgage was granted to secure a loan obligation
evidenced by a promissory note in the original principal
amount of $13,000.00 ("the Note").

     Freeman A. Robinson deceased intestate on September
28, 1982.  Subsequent thereto the Plaintiff was appointed
personal representative of the estate of Mr. Robinson by
the Penobscot County Probate Court in Docket No. 1982-591.

     The property subject to the Mortgage ("the Property")
is situated generally in Kingman Plantation[1], so that venue
is proper.  14 M.R.S.A. § 6321.

---

[1]This finding satisfies the requirements of 14 M.R.S.A. §
2401(3).

5

Defendant United States of America was named a party as a consequence of a record interest in the Property. *Id.*

After hearing, the Court makes the following findings of fact and conclusions of law:

(1) Each of the factual recitals hereinabove is specifically adopted as a finding of fact or conclusion of law (as appropriate).

(2) Defendant Mortgagor is in default of the payment terms of the Note, and is therefore in default and breach of the terms of the Mortgage.

(3) Defendant Mortgagor is also in default and breach of the terms of the Mortgage by his failure to pay the property tax assessments against the Property.

(4) As of September 26, 2011 the amount due and owing to the Plaintiff pursuant to the terms of the Note and/or the Mortgage, exclusive of attorneys' fees and costs, included the following sums:

| | |
|---|---|
| principal: | $ 9,367.05 |
| accrued interest: | 26,989.94 |
| property taxes: | 3,714.28 |
| Total: | $40,071.27 |

per diem interest rate:   $2.57

Interest continues to accrue at the same rate as is set forth in the Note[2] until the obligation has been satisfied.  14 M.R.S.A. § 1602-C(1)(A).

(5) The Plaintiff is entitled as a matter of law to recover his reasonable attorneys' fees in connection with this action to foreclose the Mortgage.  14 M.R.S.A. §§ 6101, 6321.  The Court specifically finds that the Plaintiff is entitled to include the sum of $5,500.45 as his reasonable attorneys' fees and costs and which sum is part of the claim of the Plaintiff secured by the Mortgage.

---

[2]10.00% per annum.

(6) The interests of the Defendants in the Property are subject to, or inferior and subordinate to, the interest of the Plaintiff.  33 M.R.S.A. § 201.

In light of the foregoing findings of fact, and based upon all of the evidence adduced, and in accord with the Court's decision of this date following a jury waived trial, the Court hereby ORDERS and ADJUDGES a foreclosure of the Mortgage (as defined hereinabove) pursuant to 14 M.R.S.A. § 6322.  If the Defendants, or their respective heirs, successors or assigns, do not pay to the Plaintiff the aggregate of the sums described in paragraphs (4) and (5) hereinabove, together with additional interest to the date of redemption and such additional attorneys' fees and costs as the Plaintiff may incur; and within ninety (90) days from the entry of this Order or within such additional time as the Plaintiff may in his discretion allow; then the Plaintiff shall proceed to a sale of the Property in accordance with 14 M.R.S.A. § 6321 et seq.  The proceeds from the sale of the Property shall be disbursed as follows:

first, to the Plaintiff for all expenses, costs, reasonable attorneys' fees, and costs of sale incurred by the Plaintiff;

next, to the Plaintiff in the amount specified hereinabove as the sums due and owing to it pursuant to the Note and/or the Mortgage, including accruing interest and late charges;

and last, to be paid to Defendant Mortgagor or in accordance with any further Order of this Court.

The Court further finds, pursuant to M.R.Civ.P. 54(b)(2), that the Plaintiff's claim for attorneys' fees is integral to the relief sought.  Accordingly, the Plaintiff may file a request for additional attorneys' fees and costs (in addition to those set forth hereinabove) within thirty (30) days after the entry of a final judgment following the filing by the Plaintiff of the report of sale pursuant to 14 M.R.S.A. § 6324.

The Plaintiff may pay into the Court any surplus from the sale of the Property pending the entry of an Order disbursing the same.

Further, and not in limitation of any other rights of the Plaintiff, in the event the Defendants shall fail to redeem the Property within the period of redemption and in accordance with the terms of this Order, any remaining right of the Defendants to possession of the Property shall terminate upon expiration of the period of redemption. 14 M.R.S.A. § 6323. The Plaintiff shall be entitled to possession of the Property upon expiration of the period of redemption and pending the public sale pursuant to 14 M.R.S.A. § 6323. Further, upon the request of the Plaintiff at any time after the expiration of the period of redemption the Clerk shall issue a writ of possession to the Plaintiff.

If the proceeds of the public sale are insufficient to satisfy the amount adjudged to be due and owing to the Plaintiff and as provided hereinabove, the Plaintiff shall have the remedies for a deficiency and including an execution on request provided that the statutory requirements are met.

For purposes of the findings required by 14 M.R.S.A. § 2401, the Court adopts and incorporates Exhibit A, annexed hereto, by reference. The Plaintiff shall be responsible for effecting compliance with said statute.

The Clerk is directed to enter this Order and Judgment upon the docket by reference pursuant to M.R.Civ.P. 79(a).


Dated:    September 29, 2011

JUSTICE, SUPERIOR COURT

8

```
STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss.                          Docket No. RE-2010-76


MICHAEL J. ROBINSON,              )
                                  )
          Plaintiff               )
                                  )         EXHIBIT A
     vs.                          )   ("judgment of foreclosure
                                  )          and sale")
AKSEL E. JENSEN et al.,           )
                                  )
          Defendants              )
```

Name and addresses of parties and counsel of record:

Michael J. Robinson c/o Law Offices of Tanous & Snow 29 Main Street, East Millinocket, ME 04430; Michael S. Haenn, Esq., 88 Hammond Street, Bangor, ME 04401.

Aksel E. Jensen, 2445 Main Road, Carroll Plantation, ME 04487.

United States of America c/o Maria C. Bida, Paralegal Specialist, U.S. Attorney's Office, 202 Harlow Street, Suite 111, Bangor, ME 04401.

Certification of receipt of notice of proceedings:  The Court certifies that the Defendants received notice of the proceedings, and that notice was given in accordance with the applicable provisions of the Maine Rules of Civil Procedure and, as to Defendant Aksel E. Jensen, in accordance with the Order dated August 13, 2010.

Property description:  That property situated generally in Kingman Plantation, Maine, described in the mortgage deed of Aksel E. Jensen dated January 31, 1979 and recorded in the Penobscot Registry of Deeds in Vol. 3230, Page 2.

Copy of Order and Judgment of Foreclosure:  attached.


                    ***************


9

<u>Clerk's certification of absence of appeal</u>:  no timely appeal of the Order and Judgment of Foreclosure entered by the Court on _____, 2011 was made by any party.


Dated: _____

                                        _____
Clerk, Superior Court
Penobscot County
Bangor, Maine

10